UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES D. SHATTUCK-KNAEBEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-cv-454 HEA |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) |

**OPINION, MEMORADNUDM AND ORDER**

This case is before the Court on multiple pending motions. For background, after review of self-represented Plaintiff's Second Amended Complaint, the Court issued process against defendant Christopher Battreal, in his individual capacity, as to Plaintiff's failure-to-protect claim under the Eighth Amendment. ECF No. 34. As Defendant Battreal is an employee of the Missouri Department of Corrections ("MDOC"), a waiver of service letter was sent to the Missouri Attorney General's Office, pursuant to the service agreement the Court maintains with them. ECF Nos. 36-37.[1] The waiver was signed on October 30, 2024, making Defendant's responsive pleading due by December 29, 2024. ECF No. 39. No responsive pleading was filed by that date.

**Motions for Additional Time to Respond & Default Judgment**

Plaintiff filed a motion for default judgment on January 2, 2025. ECF No. 38. Counsel finally entered an appearance and filed "Defendant Christopher Battreal's Response to Plaintiff's Motion for Default Judgment [] and Motion for Additional Time to Respond to Amended Complaint" on January 22, 2025. ECF Nos. 41-42. In this filing, Defendant Battreal argues that

---

[1] The original waiver letter was sent on October 29, 2024 (ECF No. 36), but then an amended letter (ECF No. 37) was sent the following day to correct the defendant's name on the letter.

Plaintiff's Motion for Default Judgment (ECF No. 38) should not be granted, and that Battreal should be allowed additional time to file a response to Plaintiff's Second Amended Complaint (ECF No. 25). *Id.* Defendant does not state in the motion whether Plaintiff consented to the request for an extension of time. *Id.* As such, the Court gave Plaintiff time to file a response to the motion. *See* E.D. Mo. L.R. 4.01. As of today's date, Plaintiff has not responded to this motion and the time for doing so has now expired.

On February 4, 2025, Defendant Battreal filed another opposition to default judgment and request to file his Answer to the Second Amended Complaint out of time. ECF No. 46. Defendant attached his Answer to that motion. ECF No. 46-1.

The Court will grant Defendant's unopposed motion to file his Answer out of time (ECF No. 46) and direct the Clerk of Court to docket the Answer in this case. As Defendant has now responded, default judgment is not appropriate. Plaintiff's two motions for default judgment (ECF Nos. 38 & 44) will be denied.

**Motions for Appointment of Counsel**

Plaintiff currently has two motions for appointment of counsel pending before the Court. ECF Nos. 32 & 45. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). On July 16, 2024, the Court denied Plaintiff's first motion for counsel, finding that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff. *See* ECF No. 15 at 25-26. Little has changed in the progression of this case since the Court denied Plaintiff's first motion for counsel. As such, for the same reasons stated in the Court's prior denial, Plaintiff's second (ECF No. 32) and third motions (ECF No. 45) for appointment of counsel will also be denied, without prejudice.

**Motion for Joinder**

Finally, Plaintiff has filed a "Motion for Joinder," in which he requests that the Court condemn Defendant Battreal's real or personal property, under Federal Rule of Civil Procedure 71, "to be used as compensation when/if the … cause is concluded." ECF No. 43 at 1. Plaintiff requests condemnation of Battreal's housing, land, motor vehicles, firearms, watercrafts, and "any formally registered animals/pets/livestock/farm equipment." *Id.* Plaintiff further states: "Failure to serve an answer constitutes consent to Plaintiff taking of those Real and/or Personal properties." *Id.* at 2.

This motion will be denied. There is no judgment to enforce here, and Federal Rule 71 is not applicable here. *See* Fed. R. Civ. P. 71.1 ("These rules govern proceedings to condemn real and personal property by eminent domain."). Furthermore, self-represented Plaintiff is warned that he has no legal right to take anyone's property if they fail to respond to his request.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Battreal's motion for leave to file answer out of time [ECF No. 46] is **GRANTED**. The Clerk of Court is directed to docket Defendant's Answer in this case.

**IT IS FURTHER ORDERED** that Plaintiff's two motions for default judgment [ECF Nos. 38 & 44] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's first motion for additional time to respond [ECF No. 42] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for appointment of counsel [ECF No. 32] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's third motion for appointment of counsel [ECF No. 45] is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff's motion for joinder [ECF No. 43] is **DENIED**.

Dated this 5th day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE