**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES D. SHATTUCK-KNAEBEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-454 HEA |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Christopher Batreal's Motion for Leave to Withdraw Deemed Admissions. (ECF No. 70). Plaintiff Charles D. Shattuck-Knaebel filed a response and opposes the motion.  For the reasons that follow, the Court grants Defendant's Motion for Leave to Withdraw Deemed Admissions.

### *Background*

On March 25, 2024, Plaintiff Shattuck-Knaebel initiated this suit without the assistance of counsel.  He filed a complaint against Defendant Christopher Batreal and a number of other defendants alleging, among other things, that in March 2023, Defendant Batreal personally witnessed him being raped and stabbed by another

inmate and Defendant Batreal failed to intervene.[1]  Pursuant to 42 U.S.C. § 1983, Plaintiff brings a failure-to-protect claim against Defendant Batreal under the Eighth Amendment of the U.S. Constitution.

On March 18, 2025, the Court granted Plaintiff's Fourth Motion for the Appointment of Counsel. (ECF No. 58). Following the entry of appearance of Plaintiff's appointed counsel, the Court issued an Amended Case Management Order ("CMO"). Under the CMO, the discovery completion deadline was December 9, 2025, and the dispositive motion deadline was January 8, 2026.  (ECF No. 65 at 2-3).

On August 25, 2025, Plaintiff served Defendant Batreal with Plaintiff's First Requests for Admission. Defendant Batreal's counsel twice requested that Plaintiff's counsel allow him extensions of time to respond, and Plaintiff's counsel agreed to both requests.  The parties agreed that Defendant Batreal's responses to Plaintiff's First Requests for Admission would be due on October 14, 2025. Defendant Batreal never served written responses to Plaintiff's First Requests for Admission.

On January 8, 2026, Plaintiff filed a Motion for Partial Summary Judgment as to Defendant's liability. (ECF No. 66).  Plaintiff's Statement of Undisputed Material

---

[1]Plaintiff brough suit against a number of other defendants all of whom were dismissed under 28 U.S.C. § 1915(e)(2)(B).  Defendant Batreal is the only remaining defendant in this suit.

Facts is supported largely in part by Defendant Batreal's unanswered and thus deemed admitted Requests for Admission.

On January 12, 2026, Assistant Attorney General Wolfgang Schaefer entered his appearance on behalf of Defendant Batreal. In his Entry of Appearance, Mr. Schaefer states that Kevin Smith and Jordan J. Herrera, who were Defendant Batreal's attorneys of record in this case, are no longer employed by the Missouri Attorney General's Office.[2] On January 27, 2026, Defendant Batreal filed his Motion for Leave to Withdraw Deemed Admissions.  In support of his motion, Defendant asserts his attorneys never communicated with him regarding Plaintiff's First Requests for Admission, and that they failed to provide him with a copy of the requests.  He also states that up until January 21, 2026, when Mr. Schaefer contacted him about the missing responses to the requests for admissions, he was operating under the mistaken belief that this case had been dismissed, because a year had elapsed since he last had contact with his attorneys and assisted in preparing his answer.

---

[2]Neither Mr. Smith nor Mr. Herrera filed a motion for leave to withdraw as counsel, and both remain listed as attorneys of record for Defendant Batreal.

### *Discussion*

Pursuant to Federal Rule of Civil Procedure 36, a party may serve another party with written requests to admit the truth of factual matters within the scope of discovery. Fed. R. Civ. P. 36(a)(1). Under Rule 36(a)(3),

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Fed. R. Civ. P. 36(a)(3).

Here, it is undisputed that Defendant Batreal failed to respond to Plaintiff's requests for admission in a timely manner. He now requests that the Court allow him to withdraw his inadvertent admissions.

Under Rule 36, a Court may permit a party to withdraw admissions. The rule states as follows:

> A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). Rule 36(b)'s provision for the withdrawal of admissions "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation

4

for trial will not operate to his prejudice." Fed. R. Civ. P. 36(b) advisory committee's note to 1970 amendment.

Under Eighth Circuit law, "[t]he two-prong test of Rule 36(b) directs the court to consider the effect upon the litigation and prejudice to the resisting party, [ ] rather than focusing on the moving party's excuses for an erroneous admission." *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (citations and quotations omitted). Rule 36(b) does not require that the party seeking to withdraw his admission show excusable neglect. *Id.* (citing 10A Federal Procedure L.Ed. § 26.500 (1988)). The Court must first consider whether permitting the withdrawal of the admissions will promote the presentation of the merits of the action. *Id.* The burden to prove this part of the test falls on the party moving for withdrawal. 7 Moore's Federal Practice, §36.13 (3d ed. 1999). The Court must then consider the prejudice to the party relying on the admissions. The prejudice contemplated by Rule 36(b) "relates to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Prusia*, 18 F.3d at 640 (citation and internal quotations omitted). The burden to prove the second prong of the test falls on the party who obtained the admission. *Id.*

Defendant Batreal argues that allowing him to withdraw his deemed admissions will promote the presentation of the merits of this case. Defendant

5

Batreal also argues that Plaintiff will not be prejudiced if he is allowed to withdraw his admissions.

It appears to be undisputed that the first prong of the test is met in this case. To the extent the parties do not agree, the Court finds the prong is clearly satisfied. The admissions at issue concern key facts that would establish the elements of Plaintiff's Eighth Amendment failure-to-protect claim. Defendant Batreal disputes these alleged facts in his answer to Plaintiff's Second Amended Complaint. (ECF No. 50). If the facts in the Requests for Admission are deemed conclusively established due to Defendant Batreal's failure to respond in a timely manner, it will be extremely difficult if not impossible for Defendant Batreal to mount a defense, and the result likely would be the equivalent of a default. Allowing Defendant Batreal to withdraw his deemed admissions will allow the Court to fully consider the merits of the case.

The Court now turns to the second prong of the test, which requires the Court to consider whether it is "persuaded that [withdrawal] would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Plaintiff argues that he will be prejudiced by the withdrawal because he relied on these admissions for purposes of his motion for summary judgment, and because the discovery deadline has passed and it would be difficult for him to obtain

6

the evidence he needs.[3] More specifically, he points to the fact that he has been unable to take Defendant Batreal's deposition.[4]

The prejudice contemplated by Rule 36(b) " 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1314 (8th Cir. 1983) (quoting *Brook Vill. N. Assocs. v. Gen. Elec. Co.,* 686 F.2d 66, 70 (1st Cir. 1982)). Preparing a summary judgment motion based on deemed admissions is not enough to show prejudice. *See Prusia*, 18 F.3d at 640 ("[P]reparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.") (internal citations omitted); *Cotton v. Stephens*, No. 4:18-CV-3138, 2020 WL 11047601, at \*2 (D. Neb. Aug. 4,

---

[3]Plaintiff also argues that Defendant Batreal's Motion for Leave to Withdraw Deemed Admissions is untimely under the CMO, because it was filed after the deadline for discovery motions. Under the CMO, "Parties must file motions to compel in a prompt manner and in no event after the discovery deadline," which was December 9, 2025. (ECF No. 65). The express language of the CMO sets a deadline for filing motions to compel discovery, not motions for leave to withdraw admissions. Plaintiff's argument as to the timeliness of Defendant's motion is without merit.

[4]Plaintiff states in his response that during discovery his attorney made multiple requests for dates to depose Defendant Batreal. According to Plaintiff, "after being promised dates multiple times to no avail," Plaintiff's counsel noticed Defendant Batreal for a deposition on November 20, 2025. (ECF No. 72 at 3). The deposition, however, did not take place. Plaintiff asserts that Defendant's counsel informed Plaintiff the day before the scheduled deposition that Defendant Batreal would not appear for deposition. Plaintiff contends that he sought alternative dates within the remaining discovery period and received no further response from Defendant Batreal. Plaintiff did not file a motion asking the Court to compel Defendant Batreal to sit for deposition or for sanctions.

2020) (finding no Rule 36(b) prejudice even though the requesting party had already filed a motion for summary judgment in reliance on the admissions).

As for Plaintiff's inability to obtain the evidence he needs, the Court acknowledges that under the CMO discovery is closed.  However, trial is not set in this matter, and Defendant Batreal states in his motion that he is willing to sit for deposition. Plaintiff responds that "[r]eopening discovery or resetting the dispositive schedule would impose concrete burdens on "Plaintiff[,]" but he does not specify what those concrete burdens would be.  (ECF No. 72 at 5). The Court finds that any prejudice Plaintiff may suffer by the withdrawal of Defendant's deemed admissions can be cured and ameliorated by amending the CMO to allow Plaintiff to take Defendant Batreal's deposition and to conduct any other discovery that may be necessary. *Gutting*, 710 F.2d at 1313 (finding it was error for the district court to refuse to allow a party to withdraw admissions because the district court took its action as a sanction for the party's pattern of ignoring discovery; and finding that the requesting party had failed to show prejudice, because it took depositions and completed discovery on the relevant issues even after the district court deemed the requests admitted).

In summary, the Court finds the requirements of Rule 36(b) have been satisfied, and it will grant Defendant Batreal's motion to withdraw deemed admissions. *See, e.g.*, *Am. Petro, Inc. v. Shurtleff*, 159 F.R.D. 35, 37 (D. Minn.

8

1994) ("As a general proposition, "[i]t does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed.") (internal quotation marks omitted); *Clines v. Special Admin. Bd. Transitional Sch. Dist. of City of Saint Louis*, No. 4:18-CV-153 NAB, 2019 WL 398352, at *2 (E.D. Mo. Jan. 31, 2019) ("[L]itigation is … is a search for truth and justice, and the procedural rules are meant to facilitate that search, not impede it."). The Court will amend the CMO to address any prejudice Plaintiff might suffer from the withdrawal of Defendant Batreal's deemed admissions.

Finally, in his motion, Defendant Batreal requests the Court to allow him leave to file his response to Plaintiff's Motion for Partial Summary Judgment out of time. The Court has reviewed Plaintiff's Motion for Partial Summary Judgment and finds that aside from Plaintiff's own declaration, the motion relies exclusively on Defendant's deemed admissions, which are now withdrawn. The Court, therefore, will deny without prejudice Plaintiff's Motion for Partial Summary Judgment. Plaintiff may refile a motion for summary judgment after he has conducted additional discovery in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Christopher Batreal's Motion for Leave to Withdraw Deemed Admissions is **GRANTED.** [ECF No. 70]

9

**IT IS FURTHER ORDERED** that Charles D. Shattuck-Knaebel's Motion for Partial Summary Judgment is **DENIED without prejudice**.  [ECF No. 66]

**IT IS FURTHER ORDERED** that the Amended Case Management Order is further amended as follows:

> Plaintiff shall have sixty (60) additional days from today's date to conduct discovery under the Federal Rules of Civil Procedure.  Plaintiff must file motions to compel in a prompt manner and in no event after **October 5, 2026**.

> Plaintiff must file for summary judgment no later than **October 26, 2026**. Opposition briefs must be filed no later than **November 25, 2026**, and any reply brief may be filed no later than **December 9, 2026**. Failure to timely file a motion for summary judgment will waive a party's right to do so before trial.

Except as modified herein, the Amended Case Management Order issued July 22, 2025, remains in full force and effect **and shall not be further modified absent exceptional circumstances.**

Dated this 28th day of July, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE